An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-204

Filed: 15 September 2015

Transylvania County, No. 13 CVS 314

DEANNA RAMEY MULL et vir GUY ANDREW MULL, JR., Plaintiffs,

v.

LLOYD V. EUBANKS, Individually, JENNIFER HERZOG, as Trustee for CITIFINANCIAL SERVICES, INC. by and through its Registered Agent for Service of Process, CT Corporation System Services, Inc., Defendants.

Appeal by plaintiffs from judgment entered 24 September 2014 by Judge Mark E. Powell in Transylvania County Superior Court. Heard in the Court of Appeals 25 August 2015.

> *Donald H. Barton, P.C., by Donald H. Barton, for plaintiff-appellants.*

> *Nelson Mullins Riley & Scarborough, LLP, by Donald R. Pocock, for defendant-appellee, CFNA Receivables (DE), Inc. a/k/a CitiFinancial.*

TYSON, Judge.

Plaintiffs, Deanna Ramey Mull and Guy Andrew Mull, Jr. ("the Mulls"), appeal from the trial court's grant of summary judgment in favor of Defendant, CitiFinancial Services, Inc. ("CitiFinancial"). We dismiss the appeal as moot.

I. Background

On 3 November 1997, Virgil and Myrtle Ramey ("the Rameys") conveyed a one-acre parcel of land, together with an access easement, to their daughter, Sandra, and her husband, Lloyd Eubanks ("the Eubankses"). The property was conveyed subject to a "right of first refusal" set forth in the deed as follows:

> SUBJECT TO the right of first refusal of Grantor, and Grantor's heirs and assigns, (consideration for said right being included in, and being part of the consideration of said conveyance to Grantee), to purchase said 1.00 acre tract for ONE HUNDRED AND TWENTY-FIVE ($125.00) DOLLARS, should Grantee wish to convey said property to a non-heir of Grantor.

On 20 March 2007, the Eubankses borrowed $92,941.79 from CitiFinancial. They pledged the property, along with the existing mobile home on the property, as collateral security for a promissory note and deed of trust executed to the trustee and CitiFinancial as beneficiary. The Eubankses applied the proceeds from the CitiFinancial loan to pay off a prior unrelated mortgage and to acquire a replacement mobile home for them to live on the property.

Sandra Eubanks died in 2008, after the execution of the promissory note and deed of trust. The tract became the sole property of her husband, Lloyd Eubanks ("Eubanks"). Eubanks moved from the premises in January, 2013. He has failed to make any payment on the CitiFinancial loan since that time.

The original grantors of the property, the Rameys, are deceased. Plaintiff Deanna Ramey Mull is another daughter of the Rameys. In anticipation of

foreclosure on the property, Mull and her husband attempted to purchase the property for $125.00 pursuant to the terms of the right of first refusal contained in the deed executed by the Rameys to the Eubankses.

On 29 July 2013, the Mulls filed a complaint for breach of contract against Eubanks and Citifinancial, through CitiFinacial's trustee, Jennifer Herzog. The Mulls alleged title of the property was in danger of being vested in a non-heir of the Rameys, and they had acquired the right of first refusal as heirs of the Rameys. The complaint further alleged Defendants had not executed a sales agreement or agreed to sell them the property for $125.00.

CitiFinancial filed a motion for summary judgment on 15 August 2014. On 2 September 2014, the superior court heard the motion and granted summary judgment in favor of CitiFinancial. The attorney for CitiFinancial explained at the summary judgment hearing that the property was not currently in active foreclosure, but there were no hindrances to foreclosure such as an injunction or temporary restraining order. He stated foreclosure "just hasn't happened yet."

The Mulls appeal from the order granting summary judgment. Defendant Eubanks did not participate in the motion for summary judgment. This appeal pertains only to CitiFinancial.

Subsequent to the entry of the order appealed from and the Mulls' entry of notice of appeal, Eubanks and the Mulls entered into a settlement agreement ("the

agreement"). Pursuant to the agreement, Eubanks conveyed his interest in the property to the Mulls by quitclaim deed dated 26 November 2014, subject to CitiFinancial's deed of trust. The agreement further states the parties "shall enter into a stipulation for dismissal of the . . . civil action with the [trial] Court retaining jurisdiction for purposes of enforcing the terms of this Settlement Agreement."

## II. Issues

The Mulls argue the trial court erred in granting summary judgment in favor of CitiFinancial where genuine issues of material fact exist, asserting: (1) Citifinancial committed breach of contract by violating the covenant in the deed that prohibits conveyance of the property to a non-heir of the Rameys; (2) the Mulls suffered damages from CitiFinancial's breach of contract; (3) the Mulls were entitled to specific performance of the provision in the deed requiring the property to be conveyed to them upon their payment of $125.00; (4) the deed should be set aside for failure of consideration; and, (5) the doctrine of estoppel applies where CitiFinancial was aware of the right of first refusal.

## III. Mootness

The Mulls argue the right of first refusal is a binding contract between the Mulls and Defendants, Defendants materially breached the covenant by failing to execute a deed to the Mulls upon payment of $125.00, and the Mulls are entitled to

specific performance of the terms and conditions of the right of first refusal contained in the deed.

The Mulls also allege they have suffered damages of not less than $10,000.00 as a direct and proximate result of Defendants' failure to perform under the terms of the right of first refusal. The Mulls sought an injunction for specific performance of the right of first refusal, and an award of actual damages, interest and costs, including reasonable attorney's fees.

CitiFinancial argues the claims alleged in the Mulls' complaint are now moot because Eubanks has conveyed the property by quitclaim deed to the Mulls since the entry of summary judgment. We agree.

The trial court entered summary judgment in favor of CitiFinancial on 24 September 2014. Eubanks, the sole owner of the property, deeded the property to the Mulls by quitclaim deed on 26 November 2014. The Mulls have received Eubanks's interest in the property and no contract exists to enforce through specific performance.

The Mulls have provided no forecast of evidence of any claim for damages or attorney's fees owed from CitiFinancial. When asked during depositions of any amount of money the Mulls sought to recover in this action, they failed to identify anything other than their attorney's fees.

## IV. Attorney's Fees

Absent an express statutory provision, a successful litigant cannot recover attorney's fees as costs. *Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 11-12, 545 S.E.2d 745, 752, *aff'd*, 354 N.C. 565, 556 S.E.2d 293 (2001). No express statutory authority permits an award of attorney's fees in this breach of contract case. *Id.* at 12-13, 545 S.E.2d at 752. The Mulls present no authority and make no argument to the contrary.

## V. Conclusion

Our Supreme Court has held:

> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1999). The breach of contract claim raised by the Mulls in their complaint became moot when Eubanks deeded his interest in the property to them. Presuming this Court was to hold the right of first refusal is enforceable by the Mulls, they have obtained all relief that they would be entitled to under the terms of the deed and precedents. No attorney's fees are recoverable from this action. The appeal is dismissed as moot.

DISMISSED.

Judges BRYANT and GEER concur.

Report per Rule 30(e).